# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**TERRELL U. WILLIAMS**                                                      **PETITIONER**

**V.**                         **CIVIL ACTION NO. 3:15CV554 HTW-LRA**

**ERNEST LEE**                                                               **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Terrell Williams was convicted in the Circuit Court of Hinds County, Mississippi, and seeks federal habeas relief under 28 U.S.C. § 2254. After a review of the entire record, the undersigned recommends that his petition be dismissed with prejudice.

In March 2012, Williams pled guilty to the statutory rape of his 15-year-old stepdaughter, "E.G.,"[1] after DNA evidence established that she was pregnant with his child. He was convicted of violating Miss. Code Ann. § 97-3-65(1)(a),[2] and sentenced to a term of 30 years in the custody of the Mississippi Department of Corrections, with 10 years to serve, 20 years suspended, and 5 years supervised probation. In exchange for his plea, the state agreed not to pursue charges with regard to Petitioner's other minor children.

---

[1] The state court used the victim's initials to protect her identity.

[2] Under section 97-3-65(1)(a), "[t]he crime of statutory rape is committed when . . . [a]ny person seventeen (17) years of age or older has sexual intercourse with a child who . . . [i]s at least fourteen (14) but under sixteen (16) years of age; . . . [i]s thirty-six (36) or more months younger than the person; and . . . [i]s not the person's spouse." Miss. Code Ann. § 97–3–65(1)(a).

On April 2, 2012, Williams filed a *pro se* motion for post-conviction relief challenging the indictment and the state court's jurisdiction. The Hinds County Circuit Court denied the motion on January 28, 2013. The court found that Williams had "voluntarily and knowingly pled guilty to charges of statutory rape on March 29, 2012, thereby waiving any claims of indictment or jurisdictional deficiencies."[3] Aggrieved, Williams raised the following issues on direct appeal (as stated by Petitioner):

1. Whether the trial court had venue jurisdiction to charge Appellant under Count I against him for one (1) count of statutory rape.

2. Whether the trial court erred in denying, Appellant pre-trial motion to quash indictment on July 19, 2011.

3. Whether the trial judge erred, in not ruling on Appellant Motion for Recusal before dismissing his PCR motion.[4]

On August 26, 2014, the Mississippi Court of Appeals affirmed the conviction and sentence in *Williams v. State*, 146 So.3d 407 (Miss. Ct. App. 2014). However, Williams failed to file a motion for rehearing before the court's mandate issued on September 16, 2014, forfeiting his right to seek further discretionary review.[5] *See* M.R.A.P. 40(a) (providing that motion for rehearing must be filed within 14 days); *Roberts v. Cockrell*, 319 F.3d 690, 693 n.14 (5th Cir. 2003); M.R.A.P. 17(b) (providing that a petition for a writ of certiorari must be filed within 14 days of ruling on motion for rehearing).

---

[3] ECF Nos. 9-8.

[4] ECF No. 9-7, p. 6.

[5] Williams's motion for rehearing was stamped filed in the Mississippi Supreme Count on September 29, 2014, and denied by the Mississippi Court of Appeals on November 18, 2014.

On August 3, 2015, Williams filed the instant petition. As his sole ground for relief, he contends that the Hinds County Circuit Court did not have jurisdiction to convict him because he impregnated his stepdaughter in the State of Georgia, not Mississippi. He specifically asserts the following (as stated in the petition):

> On March 14, 2010 E.G. along with her mother traveled to Marietta, GA to visit the petitioner, Terrell Williams. While in the state of Georgia Terrell Williams had sexual intercourse with E.G., age 15 at the time. Upon returning to the State of Mississippi, E.G. realized that she had become pregnant due to the sexual intercourse she had with Terrell Williams in the State of Georgia. No crime or sexual intercourse ever occurred in the State of Mississippi although Terrell Williams was charged with the crime in Mississippi.[6]

In support of this claim, Williams attached to his state application for post-conviction relief: hotel receipts from a La Quinta Inn in Marietta, Georgia, dated March 15, 2010 – March 17, 2010; a photograph presumably of Williams in the State of Georgia around that time; and, ultrasound records showing that his stepdaughter was approximately ten weeks pregnant when she underwent an abortion on May 14, 2010. *Williams*, 146 So.3d at 411.

Although considered by the Mississippi Court of Appeals on state post-conviction review, Williams's failure to timely seek rehearing of the court's decision forecloses this issue from federal review.

## Discussion

A state prisoner seeking federal habeas relief "must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or

---

[6] ECF No. 1.

post-conviction collateral proceedings." *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004).  To fully exhaust in Mississippi, a party dissatisfied with the decision of the Mississippi Court of Appeals must first file a motion for rehearing with that court, then file a petition for writ of certiorari with the Mississippi Supreme Court, within 14 days of a ruling on the motion for rehearing.  Miss. R. App. P. 17(b).  By failing to timely seek a rehearing in this case, Williams failed to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O' Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Any attempt to return to the state courts to complete the review process now would be futile.  Williams's motion for rehearing was untimely, and dismissed by the Mississippi Court of Appeals on November 18, 2014, well after the court's mandate issued.  The time for filing a petition for writ of certiorari with the Mississippi Supreme Court has long lapsed.  *See* Miss R. App. P. 17(b).  When "state remedies are rendered unavailable by Petitioner's own procedural default, federal courts are barred from reviewing those claims." *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).[7]

      This Court may nevertheless consider the merits of a procedurally defaulted claim if the petitioner shows "cause for the default and actual prejudice as a result of the alleged violation of federal law" or that "failure to consider the claim will result in a fundamental miscarriage of justice." *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998); *Coleman v.*

---

[7] Williams contends that his venue claim was fairly presented to the state's highest court because it was raised in a motion for writ of mandamus filed with the Mississippi Supreme Court on October 10, 2012.  This argument is without merit for the reasons stated herein.

*Goodwin*, 833 F.3d 537, 540 (5th Cir. 2016).  To establish cause, "there must be something external to the petitioner, something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).  Williams does not identify any external impediment which prevented him from exhausting this claim in this case.  Absent a showing of cause, this Court need not consider whether Petitioner suffered actual prejudice.  *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

Williams also fails to demonstrate that failure to consider these claims on the merits will result in a fundamental miscarriage of justice.  The miscarriage of justice exception is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction."  *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir.1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995)).  Actual innocence claims must be supported with new, reliable evidence that was not presented at trial and a petitioner must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*.  at 644.  No such evidence has been presented here.  The only evidence that Williams submits is the initial investigative report of the Mississippi Department of Human Services, which Williams claims the State failed to produce during discovery.  The substance of the report, indicating that both Williams and the victim initially denied any abuse occurred, is neither new, nor exculpatory.[8]

---

[8] ECF No.  11.

Despite his assertions on post-conviction review, Williams admitted at the plea hearing that he had sex with his 15-year-old stepdaughter in Hinds County, Mississippi, between August 1, 2009, and August 1, 2010, as charged in the indictment.[9] He did not challenge the sufficiency of the evidence, nor the DNA results establishing his paternity. His central, if not sole defense, is that he impregnated his stepdaughter in the State of Georgia, not Mississippi. But as Respondent argues, the indictment was not limited to the specific dates of her impregnation. Further, in rejecting this claim on post-conviction review, the court of appeals noted that, while Williams raised the jurisdictional argument in preliminary hearings, "he never reasserted this claim at his plea hearing, and voluntarily pleaded guilty to the crime having occurred in Hinds County." The transcript from the guilty plea hearing provides as follows:

> Q: (By the court) Mr. Williams, we've heard the allegations coming from the State with reference to your conduct. Did you commit those acts?
> A: Yes, ma'am, I did.
> Q: And you had sex with a person under the age of 16?
> A: Yes, ma'am, I did.
> Q: How old was she?
> A: She was 15, Your Honor.

---

[9] The indictment in this case charged Williams as follows:

> [O]n[,] about[,] and between the 1st day of August 2009 and the 1st day of August 2010, in the county aforesaid and within the jurisdiction of this Court, the said defendant being a male human being above the age of seventeen (17) years, whose date of birth is July 29, 1972, did willfully, unlawfully, and feloniously have sexual intercourse with, E.G., a fifteen year old female child whose date of birth is July 24, 1994, at a time when said Terrell Williams was more than thirty-six (36) months older than E.G., and was not E.G.'s legal spouse, all occurring within the jurisdiction of this court and in violation of Section 97-3-65(1)(a), Mississippi Code Annotated (1972, as amended).

ECF No. 9-7, p. 74.

> Q: And did she get pregnant by you?
> A: Yes, ma'am, she did.
> Q: ***And you had sex with her here in Hinds County?***
> A: ***Yes, ma'am***.[10]

No fundamental miscarriage of justice resulted from the state court's acceptance of Williams's guilty plea.

As Williams's petition sets forth no basis to overcome the procedural default, his claim should be dismissed with prejudice without review of the merits. For these reasons, it is the recommendation of the undersigned United States Magistrate Judge that this habeas petition should be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December

---

[10] ECF No. 8-1, p. 7. (emphasis added).

7

1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted on November 8, 2017.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
