# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**TERRELL U. WILLIAMS**                                                 **PETITIONER**

**V.**                                            **CIVIL ACTION NO. 3:15-cv-554-HTW-LRA**

**EARNEST LEE**                                                          **RESPONDENT**

## OPINION AND ORDER

Before this Court is the Report and Recommendation of the United States Magistrate Judge

[Docket No. 16] filed on November 8, 2017 by United States Magistrate Judge Linda R. Anderson.

In this Report and Recommendation, Magistrate Judge Anderson recommends that the Petitioner's

Title 28 U.S.C. §2254[1] habeas corpus petition [Docket No. 1], filed on August 3, 2015, should be

---

[1] Title 28 U.S.C. §2254: (a)  The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

dismissed with prejudice. Petitioner Terrell U. Williams ("Williams") timely filed his Objection

to the Report and Recommendation [Docket No. 17], although the objection provided no legal or

factual basis to overcome Judge Anderson's findings. For the reasons stated herein, this Court

agrees with Judge Anderson's findings, and adopts the Report and Recommendation that

Petitioner's §2254 habeas corpus petition be dismissed with prejudice.

## FACTS AND PROCEDURAL HISTORY

Williams pled guilty to the statutory rape of his fifteen-year-old stepdaughter on March

29, 2012 before Judge Tomie T. Green in the Circuit Court of the First Judicial District of Hinds

County, Mississippi. [Docket No. 8, Exhibit 1]. The indictment of the Grand Jury impaneled in

Hinds County, Mississippi charged Williams as follows:

> [O]n[,] about[,] and between the 1st day of August 2009 and the 1st day of August 2010,
> in the county aforesaid and within the jurisdiction of this Court, the said defendant being
> a male human being above the age of seventeen (17) years, whose date of birth is July 29,

---

(A) the claim relies on--
(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(f) If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. If the applicant, because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official. If the State cannot provide such pertinent part of the record, then the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determination.

(g) A copy of the official records of the State court, duly certified by the clerk of such court to be a true and correct copy of a finding, judicial opinion, or other reliable written indicia showing such a factual determination by the State court shall be admissible in the Federal court proceeding.

(h) Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel for an applicant who is or becomes financially unable to afford counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18.

(i) The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.

1972, did willfully, unlawfully, and feloniously have sexual intercourse with, E.G., a fifteen year old female child whose date of birth is July 24, 1994, at a time when said Terrell Williams was more than thirty-six (36) months older than E.G., and was not E.G.'s legal spouse, all occurring within the jurisdiction of this court and in violation of Section 97-3-65(1)(a), Mississippi Code Annotated (1972, as amended).

[Docket No. 9, Exhibit 7, p. 74]. The transcript of the guilty plea colloquy between the court and

Williams provides that Williams admitted to committing the allegations within Hinds County,

Mississippi:

> Q: (By the court) Mr. Williams, we've heard the allegations coming from the State with reference to your conduct. Did you commit those acts?
> A: Yes, ma'am, I did.
> Q: And you had sex with a person under the age of 16?
> A: Yes, ma'am, I did.
> Q: How old was she?
> A: She was 15, Your Honor.
> Q: And did she get pregnant by you?
> A: Yes, ma'am, she did.
> Q: And you had sex with her here in Hinds County?
> A: Yes, ma'am.

[Docket No. 8, Exhibit 1, p. 7]. Williams was sentenced to serve thirty (30) years imprisonment

in the custody of the Mississippi Department of Corrections, with twenty (20) years suspended

and ten (10) to serve, followed by five (5) years of supervised probation. *Id*., p. 15.

Williams, proceeding pro se, filed a Motion for Post-Conviction Relief on April 2, 2012

in the Circuit Court of the First Judicial District of Hinds County, Mississippi, challenging the

indictment and his plea of guilty. [Docket No. 9, Exhibit 1, pp. 7-40]. The Circuit Court denied

the motion on January 28, 2013, finding that Williams had "voluntarily and knowingly pled

guilty to charges of statutory rape on March 29, 2012, thereby waiving any claims of indictment

or jurisdictional deficiencies." *Id.*, p. 135.

Williams appealed the decision of the Circuit Court to the Court of Appeals of

Mississippi, raising the following issues:

A. Whether the trial court had venue jurisdiction to charge appellant under Count 1 against him for one (1) count of statutory rape.
B. Whether the trial court erred in denying appellant pre-trial motion to quash indictment on July 19, 2011.
C. Whether the trial judge erred in not ruling on appellant motion for recusal before dismissing his PCR motion.

[Docket No. 9, Exhibit 7, p. 6]. On August 26, 2014, the Mississippi Court of Appeals affirmed the trial court's conviction and sentence, holding that because Williams voluntarily pled guilty to the crime occurring in Hinds County, his argument that the Court did not have jurisdiction over him was without merit. *Williams v. State*, 146 So.3d 407 (Miss. Ct. App. 2014) [Docket No. 8, Exhibit 2].  Williams failed to file a motion for rehearing before the court's mandate issued on September 16, 2014 [Docket No. 8, Exhibit 3], thus forfeiting his right to seek further direct review.

Williams, again proceeding pro se, filed the instant §2254 petition on August 3, 2015, raising the following claim:

> Ground One: On March 15, 2010 E.G. [initials to protect victim] along with her mother traveled to Marietta, GA to visit the petitioner, Terrell Williams. While in the state of Georgia Terrell Williams had sexual intercourse with E.G., age 15 at the time. Upon returning to the State of Mississippi, E.G. realized that she had become pregnant due to the sexual intercourse she had with Terrell Williams in the State of Georgia. No crime or sexual intercourse ever occurred in the State of Mississippi although Terrell Williams was charged with the crime in Mississippi.

[Docket No. 1, p. 5]. The Report and Recommendation by the Magistrate Judge provides that Williams' petition should be dismissed with prejudice due to both his procedural default and on the merits, as discussed below. This Court agrees.

## A. The Petition is Procedurally Barred.

The following discussion regarding Williams' failure to fully exhaust his state court remedies is incorporated from the Report and Recommendation. A state prisoner seeking federal habeas relief "must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings." *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004). In order to fully exhaust in Mississippi, a party dissatisfied with the decision of the Mississippi Court of Appeals must first file a motion for rehearing with that court, then file a petition for writ of certiorari with the Mississippi Supreme Court, within 14 days of a ruling on the motion for rehearing. Miss. R. App. P. 17(b)[2].

By failing to timely seek a rehearing in this case, Williams failed to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O' Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Any attempt to return to the state courts to complete the review process now would be futile. Williams's motion for rehearing was untimely, and dismissed by the Mississippi Court of Appeals on November 18, 2014[3], well after the court's mandate issued. The time for filing a petition for writ of certiorari with the Mississippi Supreme Court has long lapsed. *See* Miss R.

---

[2] M.R.A.P. 17 (b) Time for Filing Petition for Writ of Certiorari; Content and Length of Petition. A party seeking review of a judgment of the Court of Appeals must first seek review of that court's decision by filing a motion for rehearing in the Court of Appeals. If a party seeks review in the Supreme Court, a petition for a writ of certiorari for review of the decision of the Court of Appeals must be filed in the Supreme Court and served on other parties within fourteen (14) days from the date of entry of judgment by the Court of Appeals on the motion for rehearing, unless extended upon motion filed within such time. An untimely petition may be summarily dismissed by a single justice of the Supreme Court. The petition for writ of certiorari may not exceed ten (10) pages in length and must briefly and succinctly state the precise basis on which the party seeks review by the Supreme Court, and may include citation of authority in support of that contention. No citation to authority or argument may be incorporated into the petition by reference to another document. The petitioner must file an original and ten (10) copies of the petition. The petitioner must attach, as appendices to the petition, a copy of the opinion and judgment of the Court of Appeals, and a copy of the motion for rehearing filed in the Court of Appeals.
[3] Williams filed a motion for rehearing in the Mississippi Supreme Court on September 29, 2014. On November 18, 2014, the Mississippi Supreme Court issued an order advising that the Mississippi Court of Appeals had denied the motion for rehearing [Docket No. 8, Exhibit 4].

App. P. 17(b). When "state remedies are rendered unavailable by Petitioner's own procedural default, federal courts are barred from reviewing those claims." *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

**B.  The Petitioner Admitted to the Crime Charged in Hinds County During His Guilty Plea Hearing.**

Notwithstanding the procedural default of Williams' claim, this Court still agrees with the Magistrate Judge's findings in the Report and Recommendation that Williams' claim holds no substantive merit, and is due to be dismissed. This Court may consider the merits of a procedurally defaulted claim if the petitioner shows "cause for the default and actual prejudice as a result of the alleged violation of federal law" or that "failure to consider the claim will result in a fundamental miscarriage of justice." *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998); *Coleman v. Goodwin*, 833 F.3d 537, 540 (5th Cir. 2016). To establish cause, there must be something external to the petitioner, something that cannot fairly be attributed to him. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

Williams does not identify any external impediment which prevented him from exhausting this claim in this case. Absent a showing of cause, this Court need not consider whether Petitioner suffered actual prejudice. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996). Williams also fails to demonstrate that failure to consider these claims on the merits will result in a fundamental miscarriage of justice. The miscarriage of justice exception is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir.1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995)). Actual innocence claims must be supported with new, reliable evidence that was not presented at trial and a petitioner must show that it was "more

likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 644.

No such evidence has been presented here. The only evidence that Williams submits is the initial investigative report of the Mississippi Department of Human Services [Docket No. 11, Exhibit 1, pp. 5-6], which Williams claims the State failed to produce during discovery. The substance of the report, indicating that both Williams and the victim initially denied any abuse occurred, is neither new, nor exculpatory.

Finally, the record of the state court proceedings provides that Williams voluntarily pled guilty to the charges against him in the indictment; namely, that he committed statutory rape in Hinds County, Mississippi between the first day of August, 2009, and the first day of August, 2010 (*See* pp.2-3). The Fifth Circuit has held that

> "a defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." *Cervantes*, 132 F.3d at 1110 (citing *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir.1985)). "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.' " *Id*. (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977))."

*United States v. Perez*, 227 F. App'x 357, 359–60 (5th Cir. 2007). The Court is entitled to rely on Williams' voluntary admission given at the plea hearing, and due to this admission, no fundamental miscarriage of justice resulted from the circuit court's acceptance of the guilty plea. Williams' petition is without merit, and should be dismissed with prejudice in accordance with the Magistrate Judge's Report and Recommendation.

## CONCLUSION

Upon reviewing the Report and Recommendation of the Magistrate Judge [Docket No. 16], as well as the objection filed by Petitioner Williams [Docket No. 17] and the relevant state

court records, this Court is persuaded to adopt the Report and Recommendation and dismiss Williams' §2254 petition with prejudice.

IT IS SO ORDERED that the §2254 petition [Docket No. 1] be dismissed with prejudice. The pending Motion for Status Report [Docket No. 15], filed shortly before the Report and Recommendation, is hereby MOOT.

IT IS FURTHER ORDERED that a Certificate of Appealability should not issue. Defendant has failed to make a substantial showing of the denial of a constitutional right.


**SO ORDERED AND ADJUDGED** this ___27th___ day of ___June___, 2018.


                         s/ HENRY T. WINGATE
                         UNITED STATES DISTRICT COURT JUDGE